Filed 2/2/16  P. v. Palomino CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JULIO CESAR PALOMINO, Defendant and Appellant. | F069492 (Super. Ct. No. 99CM1934) **OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Kings County.  Thomas DeSantos, Judge.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Detjen, J. and Franson, J.

Appellant Julio Cesar Palomino contends the superior court lacked the authority to issue an order purporting to recommit him for an indeterminate term as a sexually violent predator (SVP).  The People concede and we agree.

## BACKGROUND

In August 2009, appellant was committed to the custody of the Department of Mental Health (now called the Department of State Hospitals [DSH]) for an indeterminate term pursuant to the Sexually Violent Predator Act (Welf. & Inst. Code, § 6600 et seq.).

In January 2014, the superior court scheduled an annual review hearing and ordered the DSH to file an annual review of appellant's mental condition.

On May 12, 2014, the court, after reviewing relevant reports, found that appellant's conditional release was not appropriate at that time.

On May 23, 2014, the court issued a written order purporting to recommit appellant to the custody of DSH for an indeterminate term pursuant to Welfare and Institutions Code section 6604.[1]

The parties agree, however, that the court had no authority to recommit appellant and that he was already in the custody of DSH, serving a previously imposed indeterminate term of commitment.  The parties agree that the statutes providing a court authority to order an indeterminate term did not apply in this situation.  (Welf. & Inst. Code, §§ 6604, 6605.)  We agree and will strike the order, an act that does not affect the continuing legality of appellant's previously imposed SVP commitment.

## DISPOSITION

The May 23, 2014 order purporting to recommit appellant to the custody of DSH for an indeterminate term as an SVP is stricken.

---

[1]     The caption of the order incorrectly cites Penal Code section 2972, subdivision (e).

2